UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                CRIM. CASE NO. 03-50048

      Plaintiff,

v.

                HONORABLE PAUL V. GADOLA
ARNOLD VICTOR HENRY,       U.S. DISTRICT JUDGE

      Defendant.
_____/

## ORDER DENYING MOTION FOR NEW TRIAL

Before the Court is Defendant's pro se motion "for New Trial" accepted for filing on July 19, 2005. Because the Court determines that relief is not warranted within the requirements of Federal Rule of Criminal Procedure 33, the Court will deny the motion.

**I. BACKGROUND**

Defendant was charged in a one count indictment of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Trial in this criminal case concluded with a jury verdict of guilty on November 6, 2003. Defendant was sentenced on June 21, 2005 to 180 months of imprisonment.

**II. ANALYSIS**

At the outset, the Court will address Defendant's "ex parte motion to allow filing of extended brief." In the interest of the efficient adjudication of this matter, the Court will permit this extended filing and will consider the extended brief.

Defendant brings his motion under Federal Rule of Criminal Procedure 47.  This rule, however, addresses the form and timing criminal motion practice generally: "[a] party applying to the court for an order must do so by motion."  Fed. R. Crim. P. 47.  Because Defendant explicitly seeks a new trial, the Court will address the motion under Federal Rule of Criminal Procedure 33, which addresses motions for a new trial.

Federal Rule of Criminal Procedure 33(b)(2) provides that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty, or within such further time as the court sets during the 7-day period."  Fed. R. Crim. P. 33(b)(2).  Defendant concedes that "[n]o motion for new trial was filed within the requisite 7 day period from date of conviction as allowed by Federal Rule of Criminal Procedure 33(b)(2) nor was an extension of time for the filing of such a motion sought in order to extend the filing time period."  Mot. at 2.  As the Sixth Circuit has stated, "[t]he seven day period for filing a motion for a new trial, based on any ground other than newly discovered evidence, is a <u>jurisdictional limit</u> on the district court's power to act."  <u>United States v. Vincent</u>, 20 F.3d 229, 237 (6th Cir. 1994) (emphasis added, citation and internal quotation omitted).  Defendant's motion is not based on newly discovered evidence.

Rather the motion is brought based on prosecutorial misconduct and ineffective assistance of trial counsel.  Following <u>Vincent</u>, the Court does not have jurisdiction to address Defendant's motion for a new trial.

Furthermore, Defendant filed a notice of appeal on July 15, 2005.  Thus, an appeal is pending in this case.  Federal Rule of Criminal Procedure states that "[i]f an appeal is pending, the court may not grant a motion for a new trail until the appellate court remands the case."  Fed. R. Crim. P. 33.  Accordingly, the Court will not address the merits of Defendant's motion for a new trial, leaving such issues to be addressed on appeal or in a motion to vacate sentence.

Next, Defendant has also filed a "motion to arrest the judgment on jurisdictional grounds for selective prosecution under 'project safe neighborhoods.'"  As discussed on the record at the sentencing hearing, there is no evidence that this case was part of "project safe neighborhoods."  Furthermore, the Court finds no legal authority to "arrest the judgment" based on the motion.  Accordingly, this motion will be denied.

**III. CONCLUSION**

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's "Motion for New Trial," [docket entry 87] is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER ORDERED** that Defendant's ex parte motion to allow filing of "extended brief" [docket entry 88] is **GRANTED** and the brief, which was previously marked "received" shall be filed by the Clerk of the Court.

**IT IS FURTHER ORDERED** that Defendant's "motion to arrest the judgment on jurisdictional grounds for selective prosecution under 'project safe neighborhoods'" is **DENIED.**

**SO ORDERED.**

Dated: July 26, 2005                        s/Paul V. Gadola
                                            HONORABLE PAUL V. GADOLA
                                            UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on   July 27, 2005   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:           George C. Bush; Robert W. Haviland          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:        Arnold Victor Henry          .

                                            s/Ruth A. Brissaud
                                            Ruth A. Brissaud, Case Manager
                                            (810) 341-7845