UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                                    CRIM. CASE NO. 03-50048
             Plaintiff,

v.                                  HONORABLE PAUL V. GADOLA
                                    U.S. DISTRICT JUDGE
ARNOLD VICTOR HENRY,

             Defendant.
_____/

### ORDER GRANTING IN PART REQUEST FOR EXCESS COMPENSATION

Before the Court is a claim for excess compensation and a memorandum in support of excess compensation by Defendant's attorney, Richard J. Amberg, Jr.  Mr. Amberg claims $23,059.51 for his representation of Defendant Arnold Victor Henry, which began after the Defendant was convicted by a jury and ended before Defendant was sentenced.  For the reasons stated below, the Court will order a reduced award of compensation and reimbursement totaling $12,000.00.

Mr. Amberg's appointment as a Criminal Justice Attorney is governed by 18 U.S.C. § 3006A.  Pursuant to 18 U.S.C. § 3006A(d)(2), the maximum amount for the representation of a defendant "shall not exceed $7,000 for each attorney in a case in which one or more felonies are charged."  18 U.S.C. § 3006A(d)(2).  As this case was a felony case, this statutory maximum is

applicable.

However, pursuant to 18 U.S.C. § 3006A(d)(3), Mr. Amberg has requested compensation in excess of this amount. Section 3006A(d)(3) provides that excess payment "may be made for extended or complex representation whenever the court in which the representation was rendered . . . certifies that the amount of the excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit." 18 U.S.C. § 3006A(d)(3).

To determine if the representation is "extended," courts have examined whether the case involved a "substantial investment of time" beyond that required by an average case. United States v. Ellzey, 29 F. Supp. 2d 505, 506 (C.D. Ill. 1998). To determine if the representation is "complex," courts have looked "to the intricacies of the case and the corresponding call on counsel's intellectual resources." Chamblin v. INS, 176 F. Supp. 2d 99, 104-05 (D.N.H. 2000).

In this case, Mr. Amberg represented Defendant from February 23, 2004 until April 7, 2005. Mr. Amberg's appointment began after Defendant's trial counsel withdrew and concluded with Mr. Amberg's withdrawal before Defendant was sentenced. During this time, Mr. Amberg filed objections to the Presentence Investigation Report and a motion "for New Trial/Petition for Writ of Habeas Corpus Pursuant

2

to 28 U.S.C. § 2241," briefed the applicability of the Armed Career Criminal Act, and attended to various other matters. Mr. Amberg also addressed the intervening cases of <u>United States v. Booker</u>, 543 U.S. ___, 125 S. Ct. 738, (2005), and <u>Blakely v. Washington</u>, 542 U.S. ___, 124 S. Ct. 2531 (2004). These issues were legally complex. Consequently, Mr. Amberg "may" be entitled to excess compensation under 18 U.S.C. § 3006A(d)(3).

Even though the Court considers Mr. Amberg's representation to be extended or complex, it is still within the court's discretion to decline to award excess payment; a court should only authorize excess payment if such payment is "necessary to provide fair compensation." 18 U.S.C. § 3006A(d)(3). The Court considers the sum of $23,059.51 to be excessive and unnecessary to provide fair compensation to Mr. Amberg. The Court has reviewed the legal issues in this case and Mr. Amberg's filings, comparing them with the time Mr. Amberg spent on the case. The Court finds the time spent on the case to be excessive. For example, Mr. Amberg claims over 100 hours for the drafting of various motions and briefs. Mr. Amberg also spent over 25 hours researching various issues. Even though the issues are complex in this matter, such an amount of time is excessive. Furthermore, the extended period of representation and the multiple adjournments of sentencing may be attributed at least in part to Mr. Amberg. The Court determines

3

that compensation and reimbursement in an amount totaling $12,000.00 is a fair amount to compensate Mr. Amberg for his service.

    **ACCORDINGLY, IT IS HEREBY ORDERED** that excess compensation and reimbursement in an amount totaling $12,000.00 for Richard J. Amberg, Jr., is **APPROVED**.  The amount requested over $12,000.00 is **DENIED.**

    **SO ORDERED.**


Dated: July 28, 2005          s/Paul V. Gadola
                              HONORABLE PAUL V. GADOLA
                              UNITED STATES DISTRICT JUDGE


Certificate of Service

I hereby certify that on   July 28, 2005  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:

                         Robert W. Haviland                          , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:            Richard Amberg                        .


                              s/Ruth A. Brissaud
                              Ruth A. Brissaud, Case Manager
                              (810) 341-7845

4