UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ARNOLD VICTOR HENRY,

                Petitioner,                           Civil No. 07-14412
                                               Criminal No. 03-50048
v.                                         Honorable David M. Lawson

THE UNITED STATES OF AMERICA,

                Respondent.

_____/

**OPINION AND ORDER OVERRULING OBJECTIONS TO
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, ADOPTING
RECOMMENDATION, AND DENYING MOTION TO VACATE SENTENCE**

The petitioner, Arnold Victor Henry, was convicted of being a felon in possession of a

firearm. He also was determined to be an Armed Career Criminal within the meaning of 18 U.S.C.

§ 924(e) and was sentenced to the statutory minimum sentence of 15 years in custody. He filed a

motion under 28 U.S.C. § 2255 to vacate his sentence, which the Court referred to Magistrate Judge

Michael Hluchaniuk for a report and recommendation. Judge Hluchaniuk filed a report

recommending that the motion be denied, and the petitioner filed timely objections. The Court has

conducted a *de novo* review of the matter and concludes that the petitioner's objections lack merit,

the magistrate judge correctly decided the issues, and the petition should be denied for the reasons

set forth in the report.

I.

The petitioner's motion to vacate sentence was filed *pro se*. The conviction followed a jury

trial, the Honorable Paul V. Gadola presiding, in November 2003. Judge Hluchaniuk's report

discussed the appointment and withdrawal of various defense attorneys following trial and through

sentencing, and the reassignments of this case that resulted in the assignment to the undersigned

(who did not preside over the petitioner's trial or sentencing).  The petitioner filed a direct appeal alleging ineffective assistance of counsel, evidentiary issues, and prosecutorial misconduct.  The court of appeals affirmed the petitioner's conviction on direct appeal, but it declined to rule on the claim of ineffective assistance of counsel because the record was not fully developed.

The petitioner filed the present motion to vacate sentence on October 17, 2007.  He argues that his attorney was ineffective in a variety of ways, the sentence is invalid because questions about the application of the Armed Career Criminal Act (ACCA) should have been submitted to the jury, and two of his predicate convictions should be considered "related" and therefore counted as one conviction, which would preclude application of the ACCA to him.

Judge Hluchaniuk concluded that the ineffective assistance of counsel claims had no merit, found that Supreme Court and Sixth Circuit precedent did not support the submission of the ACCA issues to a jury, determined (as did the court of appeals on direct appeal) that there was no prosecutorial misconduct, and rejected the argument that any of the predicate convictions were "related" so as to upset the finding that the petitioner met the prerequisites of the ACCA.

The petitioner filed timely objections to the report and recommendation.  However, his objections are confined to the single issue of whether his criminal record qualified him for the enhanced penalty prescribed by the ACCA.  He does not challenge the magistrate judge's determination of the other issues.

## II.

When objections are filed to a report and recommendation by a magistrate judge on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court

may accept, reject, or modify, in whole or in part, the findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A party's failure to file objections to certain conclusions of the Report and Recommendation waives any further right to appeal on those issues. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty to independently review those issues. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceed the maximum penalty allowed by law, or "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

As noted above, the only issue in Judge Hluchaniuk's report to which the petitioner has objected deals with the relatedness of two of his prior convictions. That is a sentencing issue that could have been raised on direct appeal, but was not, although it was discussed at the sentence hearing. Sent. Tr. at 45-54 (June 21, 2005). A claim that could have been raised on direct appeal generally is not reviewable in a section 2255 motion. *Bousley v. United States*, 523 U.S. 614, 621 (1998) (holding that "even the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review"); *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (reaffirming that "[s]ection 2255 is not a substitute for a direct appeal, and

-3-

thus a defendant cannot use it to circumvent the direct appeal process"). In *United States v. Frady*,

456 U.S. 152 (1982), the Supreme Court observed:

> Once the defendant's chance to appeal has been waived or exhausted, however, we
> are entitled to presume he stands fairly and finally convicted, especially when, as
> here, he already has had a fair opportunity to present his federal claims in a federal
> forum. Our trial and appellate procedures are not so unreliable that we may not
> afford their completed operation any binding effect beyond the next in a series of
> endless postconviction collateral attacks. To the contrary, a final judgment
> commands respect. For this reason, we have long and consistently affirmed that a
> collateral challenge may not do service for an appeal.

*Frady*, 456 U.S. at 164-65; *accord Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000) (stating

that "respect for the finality of judgments demands that collateral attack generally not be allowed

to do service for an appeal"). Where a defendant fails to assert claims on direct appeal and attempts

to raise them in a § 2255 motion, "he also must show either that (1) he had good cause for his failure

to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually

innocent." *Regalado*, 334 F.3d at 528.

The petitioner alleges that he has good cause for failing to follow the required procedures

because his sentencing and appellate lawyers were ineffective. An successful ineffective assistance

of counsel claim requires a finding of deficient performance that resulted in prejudice to the accused.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). The magistrate judge concluded that the

sentencing issue had no legal merit, and therefore the attorneys were not deficient when they failed

to advance those issues as sentencing errors. That conclusion would preclude a finding of "cause."

After all, a lawyer does not perform deficiently if he or she fails to advance a meritless argument.

*Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require

counsel to forecast changes or advances in the law, or to press meritless arguments before a court.");

*Shah v. United States*, 878 F.2d 1156, 1162 (9th Cir. 1989) ("[F]ailure to raise a meritless legal

-4-

argument does not constitute ineffective assistance of counsel."); *Baumann v. United States*, 692 F.2d 565, 572 (9th Cir. 1982) (stating that attorney's failure to raise meritless legal argument does not constitute ineffective assistance); *see also Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993).

Under the ACCA, a person who is convicted of being a felon in possession of a firearm "and has three previous convictions by any court . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another, . . . shall be fined under this title and imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). A "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

The record shows that among the petitioner's prior convictions were the following: a conviction of possession of less than 50 grams of cocaine in Lansing, Michigan in 1987; attempted possession of less than 25 grams of cocaine in Lansing, Michigan in1990; delivery of less than 50 grams of cocaine in Lansing, Michigan in1990; possession of marijuana in Lansing, Michigan in 1998; and two counts of delivery of marijuana in Kalamazoo, Michigan in 1999. The 1999 convictions resulted from separate deliveries of marijuana on July 9 and July 11, 1998. The sentencing court found that the 1990 delivery conviction in Lansing and the two delivery convictions in Kalamazoo in 1999 qualified as three predicate convictions under the ACCA, since they all carried potential sentences in excess of ten years. The thrust of the petitioner's argument is that the Kalamazoo convictions resulted from undercover purchases of marijuana on two separate days, but there was but a single arrest and prosecution, albeit it for separate counts, so the two convictions would be considered "related" and scored as a single offense.

The petitioner's argument confounds two separate legal issues. The two Kalamazoo convictions are considered "related" for the purpose of Sentencing Guidelines scoring, and the sentencing court in fact so held. *See* USSG § 4A1.2(a)(2) (2010) (stating that "[i]f there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day"). But that determination does not answer whether the offenses were "committed on occasions different from one another" for the purpose of the ACCA, 18 U.S.C. § 924(e)(1).

The Sixth Circuit has rejected the same argument the petitioner makes here on a couple prior occasions. In *United States v. Roach*, 958 F.2d 679 (6th Cir. 1992), the court stated "that Congress intended section 924(e) to enhance punishment for multiple criminal episodes that are distinct in time." *Id.* at 684. And in *United States v. Hughes*, 924 F.2d 1354 (6th Cir. 1991), the court held that an "episode" is "an incident that is part of a series, but forms a separate unit within the whole. Although related to the entire course of events, an episode is a punctuated occurrence with a limited duration." *Id.* at 1361. Following that reasoning, the court in *Roach* rejected an argument by a defendant sentenced under the ACCA that his three drug sales occurring within fifteen days should be counted as one offense because the time between them was short and they were charged in the same indictment. The court stated: "Section 924(e) specifies that the prior offenses should have been 'committed on occasions different from one another.' The majority of courts have concluded that if the predicate offenses occurred on occasions different from one another, Congress intended that they not be regarded as a 'single criminal episode.'" *Roach*, 958 F.2d at 684 (citing cases). The court concluded that "[b]ecause appellant committed drug offenses on three different days (March 11th, 12th, and 26th), these offenses do not constitute a single criminal episode, and the district court

-6-

properly enhanced appellant's sentence pursuant to 18 U.S.C. § 924(e)(1). . . ." *Ibid.* That pronouncement appears to be the settled law of the Circuit. *See United States v. McCauley*, 548 F.3d 440, 448 (6th Cir. 2008) ("Beyond the statute's clear language, this court has held that the fact that a defendant was convicted for two offenses during the same judicial proceeding does not prevent those offenses from constituting 'occasions different' under the ACCA.").

As mentioned earlier, this issue was raised by the petitioner's attorney at sentencing and rejected by the court. The failure of appellate counsel to raise the issue cannot be considered deficient performance because the issue could not succeed. Therefore, the petitioner has shown neither cause nor prejudice for not raising the issue on direct appeal. He has no right to relief based on this claim.

III.

The Court finds that the petitioner's objection to Magistrate Judge Hluchaniuk's report and recommendation on the ACCA issue lack merit. The Court will adopt the balance of the report because the petitioner did not object to it.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation [dkt # 119] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt # 118] is **ADOPTED IN PART**.

It is further **ORDERED** that the petitioner's motion to vacate his sentence [dkt # 111] is **DENIED**.

s/David M. Lawson<br>
DAVID M. LAWSON<br>
United States District Judge

Dated:   January 18, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 18, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL